HEARD NOVEMBER TERM, 1873.

## POPE *vs.* FRAZEE.

An order confirming a Sheriff's report of sale under a decree for foreclosure is a bar
to an action against the Sheriff and purchaser to set aside the sale, on the ground
that it was null and void, under Section 43, Chapter XX, General Statutes, because
the Sheriff was interested in the purchase.

BEFORE CARPENTER, J., AT COLUMBIA, MAY TERM, 1873.

This was an action by Thomas W. Pope, against Phineas F. Fra-
zee and Wm. D. Frazee, to set aside a sale made by the first named
defendant, as Sheriff of Richland County, under a decree for fore-
closure. The case and exceptions are so fully stated in the opinion
of the Court as to render any statement here unnecessary.

His Honor the Circuit Judge made a decree setting aside the
sale, and the defendants appealed.

*Melton & Clark, Pope & Haskell,* for appellants.

*Monteith & Bauskett,* contra.

June 9, 1874. The opinion of the Court was delivered by

WRIGHT, A. J. The following are the facts in the case before us, as we collect them from the brief: In January, 1873, a proceeding to foreclose a mortgage of certain lots, given to secure a bond, was commenced in the Circuit Court for Richland County, by Emma Jackson, the mortgagee, against Thomas W. Pope, the mortgagor. The preliminary requisitions having been complied with, in pursuance of the practice of the Court, an order of foreclosure was made on the 24th day of February, 1872, by His Honor S. W. Melton, then Judge of the 5th Circuit, and the premises ordered to be sold by P. F. Frazee, Sheriff of Richland. The, sale was made on the 1st Monday of May, 1872. A report of it, containing the name of the purchaser, the price and the application of the proceeds, was duly filed 21st May, 1872, and confirmed by the Court on the following day. On the 15th May, 1872, T. W. Pope commenced an action against P. F. Frazee, the Sheriff, and W. D. Frazee, the purchaser, reciting the suit of Emma Jackson, and the proceedings under it, to set aside the sale of the said lots, on the ground that there had been no legal sale, inasmuch as the purchase, though in the name of the said W. D. Frazee, was for the benefit of the said P. F. Frazee, Sheriff. Judgment was prayed that the sale be declared null and void, and that the said W. D. Frazee be required to surrender to the Court the deeds which had been executed on the sale, that they might be cancelled. Both the defendants deny all fraud and combination, and that P. F. Frazee was in any manner interested in the purchase. The issues came on for trial before Judge Carpenter at the Circuit Court for Richland, at May Term, 1873, he having succeeded Judge Melton as Judge of the 5th Circuit. The plaintiff, among other things, introduced the whole record in the case of Emma Jackson *vs.* T. W. Pope. The ground on which it was sought to set aside the sale was, that it was obnoxious to the 43d Section of Chapter XX of the General Statutes, which is as follows:

" No Sheriff or Deputy Sheriff shall be concerned or interested, directly or indirectly, in the purchase of any property sold by either of them officially ; and if any such Sheriff or Deputy Sheriff shall be concerned or interested in any such purchase, at any such sale, made by either of them, he shall, on conviction thereof, be deprived of his office, and shall be liable to be fined and imprisoned at the

discretion of the Court; and such purchase shall be null and void."

The Judge charged the jury as follows: "If you believe from the evidence that the defendant, P. F. Frazee, was either directly or indirectly interested in the purchase of the said property, you should find for the plaintiff." To this charge the appellants excepted, and, with other requests, asked him to charge "that the order of the 22d May, 1872, in the case of Emma Jackson. against T. W. Pope, confirming the sale thereunder made, was conclusive upon the rights of the plaintiff in the suit then before the Court." This was refused. The jury found for the plaintiff in the case below, on which the Judge pronounced a decree, setting aside and decreeing the sale null and void, setting aside also the order of Judge Melton, confirming the sale, and ordered the premises to be resold. Whether Emma Jackson was a party to this case did not exactly appear from the brief, but in the decree of the Court, which declared the sale null and void, a petition of Emma Jackson is referred to, from which, with the verdict of the jury and the records of the Court, the Judge concludes that the decree of Judge Melton had not been carried into effect by a legal sale of the property. We think the order confirming the sale was binding and conclusive between the parties to the suit—that the issue made under it was *res adjudicata*, and precluded them from seeking to set the sale aside. It is not necessary to cite authorities to sustain the proposition that a final judgment of a Court having jurisdiction of the subject-matter is final and conclusive between the same parties, and cannot be re-examined in a subsequent original action by the same or any other Court. The order made on the 22d May, 1872, must be held to have passed upon the facts brought to the view of the Judge, from which his conclusions of law was drawn and applied. It is beyond dispute that both Emma Jackson and T. W. Pope were parties to the proceeding for foreclosure, and W. D. Frazee was subject to the order of the Court, for he was the party reported to it as the purchaser, and, without a confirmation of the sale, no title could have vested in him. He became subject to the control of the Court in the particular case, when he became the purchaser of property sold by its order, and compliance with his bid could have been enforced through the process of attachment by the Court.—*Exors. of Brasher* vs. *Cortlandt*, 2 John. Ch., 505; *Haig et al.* vs. *Commissioners*, 1 DeS., 112.

The confirmation passed upon every thing which the report contained, and precluded all exceptions but that which was made, even if cause for good exception existed.—*McCaw* vs. *Blewitt*, Bail. Eq., 98. That Pope is bound by the order is conclusive, from the fact that on the motion to confirm the report he could have brought before the Court the very objection he now makes. He could have raised it then, and his failure to do so debars him from urging it by another suit, presenting the very issue he could have raised on the hearing of the report. He now contends, by his action, that the sale was void, and when the opportunity was open to him to make the objection he neglected to avail himself of it, stood by, and, without speaking, allowed the Court to confirm the sale. The judgment of His Honor Judge Melton was not the subject of review or examination by His Honor Judge Carpenter. Even if erroneous, it bound all who were parties or privies to it. If there was fraud or illegality it should have been shown when the motion to confirm the report was made. The confirmation stopped the mouths of all who were interested in the matter, and who had the privilege of then speaking. No after discovered facts are averred, as presenting a ground for interference. The complaint shows that the circumstances on which Pope now relies to set aside the sale, came to his knowledge at least as early as the 15th May, 1872, while the order was not confirmed until the 22d of the same month. This was final, and, unless appealed from, left nothing further to be done.—See *Johnston* vs. *Britton*, Dud. Eq., 24.

There is no allegation in the complaint of any fraud or imposition on the Court which induced its order. Nay, so far as the complaint is disclosed to us by the brief, the order of 22d May, 1872, is not even referred to, much less is it asked that it should be set aside; and that it was an obstacle in the way of any relief to the plaintiff, Pope, is manifest from the decree of the Circuit Judge, which found it necessary to set it aside before he could declare the sale null and void. It was an impediment in the way of the relief prayed, and could not be surmounted on the asking of Pope, who was a party in the cause in which it was made. If Emma Jackson was before the Court, on a petition to set aside the sale, as appears to be the case from what is said in the decree, we cannot discover any interest which she has in the matter. Not only was her mortgage satisfied, by the receipt, of her attorneys, of the whole principal and interest due upon it, but the order of the confirmation of

the sale was made on their motion. For her to retain the money and yet ask to set aside the sale, would place her in a position too inconsistent to be reconciled. Our conclusion on the first exception renders unnecessary any consideration of the other exceptions made by the appeal.

It is ordered that the motion be granted, the decree set aside, and the complaint dismissed.

*Moses*, C. J., concurred.

WILLARD, A. J., *dissenting.* The complaint sets forth that the plaintiff was the owner of the property sold by the defendant, P. F. Frazee, as Sheriff of Richland County, under a judgment of foreclosure, recovered by E. Jackson, upon a bond and mortgage secured upon such premises; that the property had been purchased at such sale by W. D. Frazee, for the benefit of P. F. Frazee. P. F. Frazee and W. D. Frazee are made parties defendant, and the complaint prays that the deeds executed and delivered upon such sale be given up to be cancelled, upon the ground that the sale was void, under Section 43 of Chapter XX of the General Statutes, which provides as follows : " No Sheriff or Deputy Sheriff shall be concerned or interested, directly or indirectly, in the purchase of any property sold by either of them officially ; and if any such Sheriff or Deputy Sheriff shall be concerned or interested in any such purchase at any such sale, made by either of them, he shall be liable to be fined and imprisoned, at the discretion of the Court, and such purchase shall be null and void."

The case was tried by a jury, and a verdict rendered for the plaintiff.

The only questions presented for our consideration arise upon exceptions taken to the charge of the Circuit Judge. The first exception is to a charge which is substantially in the language of the Statute, to the effect that if the Sheriff was, either directly or indirectly, interested in the purchase of the property, the plaintiff was entitled to a verdict. Applying the language of the Statute to the issues presented by the pleadings, it is obvious that the charge was correct. The sale was rendered null and void by such interest, and the plaintiff was clearly entitled to relief of some character, and, in order to obtain such relief, to the verdict of a jury upon the matters of fact involved.

The proposition contained in the second exception is, that the plaintiff's right of action was barred by the operation of an order made in the original foreclosure suit confirming the sale.

The terms of the order of confirmation are not given. The mere fact that such an order was made is all that is stated. The motion for the order of confirmation and the order based upon such motion were made after the commencement of the present action. It does not appear that any such defense was interposed in the pleadings. The answer is not set forth in full, but in the description of its contents no mention is made of an order of confirmation having passed. It does not appear that the order of confirmation was made upon notice to parties affected by it. In the absence of the order itself, and of a statement that it was made upon notice, there is nothing to exclude the idea that it was made *ex parte.*

Orders, with a view to proper binding effect, should state upon their face that the parties intended to be bound either appeared or were served with notice.

It also appears that the judgment appealed from was based, not only upon the pleadings and verdict in this action, but upon a petition of E. Jackson, asking that the order of confirmation might be set aside and a new sale ordered, and upon this prayer the judgment was entered accordingly.

If the order of confirmation was a bar, it ought to have been pleaded as such, although it may be that the plaintiff has failed to raise this objection in a form suitable to be considered by us. It is not necessary to consider whether an action, brought upon a cause of action existing, and in full force at the time the action is brought, can be barred by collateral proceedings taken after the commencement of such action in another cause, for there is, in fact, no order of confirmation standing in the way of the plaintiff's right of recovery. The order of the Circuit Court, setting aside the order of confirmation previously made in that Court, is valid until set aside upon appeal. It is made by a Court of general jurisdiction, and cannot be disregarded or collaterally impeached. There is nothing indicating that the present appeal embraces a review of so much of the judgment as relates exclusively to the matter of the petition of E. Jackson. The proceedings before us are entitled exclusively in the action of Pope *vs.* Frazee, and the matter of the petition of E. Jackson does not appear in the title or body of the notice of appeal. It must, therefore, be

concluded that so much of the judgment as orders the confirmation of sale to be set aside and a new sale is not before this Court on the present appeal. It has nothing to do with the issues joined in the present action, and must be referred to an entirely collateral proceeding. The practice of entering a single judgment intended to cover two or more cases having different objects in view is inconvenient and embarrassing. It is especially objectionable where the parties to the different proceedings are not identical. The proceedings in this action, and those upon the petition, ran side by side, and the conclusion of the charge, that no such bar existed. is supported by the order subsequently entered in form setting them aside.

The third exception is not well taken. The statute renders the sale absolutely void, and it is not for the Court to consider, under an objection to its validity, whether it is, or is not, the interest of the parties that it should be upheld. It might be otherwise where the invalidity of the sale resulted from want of conformity to some practical rule of proceeding imposed by the authority of the Court. But where the statute declares an instrument void, no authority exists in the Courts to give efficacy to it.

The appeal should be dismissed.